# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: P.K.-1 and P.K.-2

No. 17-0294 (Marion County 16-JA-80 & 16-JA-81)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.K., by counsel Matthew S. Delligatti, appeals the Circuit Court of Marion County's February 24, 2017, order terminating his parental rights to P.K.-1 and P.K.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley Joseph Smith, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he abused P.K.-1.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he sexually abused seven-year-old P.K.-1. According to the petition, P.K.-2 also resided in the home at the time that the sexual abuse occurred. The petition made no allegations against the children's mother, T.K. On May 31, 2016, the circuit court held a preliminary hearing and found that the DHHR established probable cause for the petition's filing. After the preliminary hearing, the DHHR filed an amended petition which added allegations against the children's mother. However, the allegations against the mother were later dismissed.

Beginning in August of 2016, the circuit court held a series of adjudicatory hearings. During the course of these proceedings, P.K.-1 testified that petitioner sexually abused her on multiple occasions. She testified that petitioner used his hands to touch her over her clothes, under her clothes, and that he used his hands to "pinch" her vaginal area. P.K.-1 also testified

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Because the children share the same initials, we will refer to them as P.K.-1 and P.K.-2 throughout this memorandum decision.

1

that petitioner made P.K.-2, her brother, touch her vaginal area. She further testified that petitioner engaged in other sexualized behaviors with her, including "combing" her vagina and buttocks after bathing; and using a hairdryer on her vagina and buttocks; that petitioner showed her pornography on his cellular telephone; and that he used play as an opportunity to make contact with her vagina and expose his genitals. In addition to P.K.-1's testimony, two treating therapists testified that P.K.-1 exhibited signs of post-traumatic stress disorder and displayed behaviors that were consistent with those displayed by sexually abused children. P.K.-1's counselor testified that P.K.-1's testimony was consistent throughout her therapy sessions that she experienced sexual abuse. The counselor also testified that she had no concerns that P.K.-1 had been coached in her sexual abuse allegations and indicated that P.K.-1's descriptions contained details that coaching "would not think to suggest." Although petitioner admitted that P.K.-1 viewed sexually explicit material on his cellular telephone, he denied the sexual abuse allegations and stated that he believed that the mother may have influenced P.K.-1's statements. Petitioner also presented character testimony from five friends and relatives who testified that they did not believe that he would sexually abuse his child. At the close of evidence, the circuit court found by clear and convincing evidence that petitioner abused the children. The circuit court adjudicated petitioner as an abusing parent by order on February 24, 2017.[2] It is from that order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that he abused P.K.-1 because her testimony was not credible because it was "dramatically inconsistent." First, he claims that P.K.-1's testimony about when he moved out of the home and whether he had a

---

[2]The parental rights of petitioner were terminated below. Although the circuit court terminated petitioner's parental rights, the non-abusing mother, T.K., retained her parental rights to the children. According to the guardian, the permanency plan for the children is to remain in the mother's home.

girlfriend was incorrect. He also claims that nine-year-old P.K.-1's use of "wide numerical distinction" when testifying regarding how many times petitioner fondled her vaginal area "puts the veracity of the testimony in question." He further claims that some of P.K.-1's statements made in her Child Advocacy Center ("CAC") interview were not consistent with her in-court testimony. We do not agree. Pursuant to West Virginia Code § 49-1-201, an "[a]bused child" means a child whose health or welfare is being harmed or threatened by "[a] . . . guardian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home."

The State is required, in a child abuse or neglect case, to prove conditions existing at the time of the filing of the petition by "clear and convincing proof." We have described the "clear and convincing" standard as one in which

> the evidence . . . does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

In this case, the circuit court was presented with evidence that petitioner sexually abused P.K.-1 on multiple occasions. Her testimony regarding the details and manner of the sexual abuse was consistent. It is clear from the record that the inconsistencies petitioner alleges on appeal are either not material to the allegations of sexual abuse or a misrepresentation of the child's testimony. These inconsistencies include when he moved out of the home, whether he had a girlfriend, and P.K.1's use of "100 times" versus "6,000 times." The circuit court found that the child's statement in her CAC interview that petitioner fondled her vaginal area "100 times" and her testimony that he fondled her vaginal area "maybe 6,000 times" demonstrated that she was fondled by petitioner on multiple occasions. The circuit court also found that P.K.-1 consistently testified, in detail, to the manner in which she was sexually abused and the objects which had been used in some instances.

Further, while petitioner argues that the circuit court failed to properly assess his credibility, it is clear from the record that petitioner failed to provide evidence that rebutted the allegations set forth in the petition. In fact, the circuit court found that petitioner offered little

evidence "but for general denials" that he did not sexually abuse the child. Thus, petitioner has failed to establish that P.K.-1's testimony lacked credibility.

Petitioner also contends that the circuit court relied on the testimony of "uncredible and untruthful" witnesses to support his adjudication. Specifically, petitioner argues that the child abuse allegations were fabricated because the abuse was reported the same day as the mother filed for divorce. According to the record, the mother and the maternal grandmother testified as to the child's sexual abuse disclosures. The circuit court found that the two women's testimony was nearly identical, which petitioner claims indicated that it was rehearsed and lacked credibility. The circuit court recognized that a contentious divorce may have colored the witnesses' testimony against petitioner. However, despite petitioner's contention, it is clear from the record that the circuit court did not use the witness testimony to bolster the child's testimony, but rather, found that the child's testimony was consistent throughout the proceedings. The circuit court considered the witnesses' testimony for the purposes of corroborating the child's testimony and that of her therapists. Further, petitioner offered little evidence on his behalf to dispute the allegations contained in the petition. Moreover, the circuit court was presented with evidence that petitioner sexually abused the child on multiple occasions and that he admitted that the child viewed sexually explicit material on his cellular telephone. Given this evidence, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Finally, petitioner contends that the circuit court erred in considering the expert testimony of therapist Melissa Garcia-Webb. Petitioner admits that the therapist was properly qualified as an expert, but he claims that the circuit court credited her testimony "as if she conducted forensic therapy." He also claims that the circuit court relied on the therapist's testimony to support the truth of the allegations against him. However, petitioner fails to set forth specifically how the circuit court erred in considering the therapist's testimony, and he cites to no legal authority in support of his claims of error. Accordingly, we find no merit to this argument.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 24, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker